# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Shem Pease Collins, | ) |
| Plaintiff, | ) Civil Action No. 8:20-cv-4348-TMC |
| vs. | ) **ORDER** |
| Eric McDaniel, Hope Hatchell, | ) |
| Defendants. | ) |

Plaintiff Shem Pease Collins, a *pro se* pretrial detainee, brought this action under 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On April 9, 2021, Defendants moved for summary judgment. (ECF No. 40). The magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), warning Plaintiff of the possible consequences of failing to respond adequately to Defendants' dispositive motion. (ECF No. 41). On May 20, 2021, when Plaintiff had not responded, the magistrate judge *sua sponte* granted Plaintiff an additional twenty days to respond and advised Plaintiff that the failure to do so would result in dismissal for failure to prosecute. (ECF No. 44). Plaintiff, however, did not file any response.

On June 21, 2021, the magistrate judge issued a report and recommendation ("Report") recommending that the complaint be dismissed under Rule 41(b) for failure to prosecute in light of the factors set forth in *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). (ECF No. 46). Plaintiff was advised of his right to file objections to the Report and of the consequences of failing to do

so. (ECF No. 46-1). Plaintiff, however, did not file objections or otherwise indicate a desire to continue this action, and the time to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court **ADOPTS** the Report in its entirety (ECF No. 46), and incorporates it herein.  Accordingly, the court **DISMISSES** the complaint pursuant to Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 5, 2021

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.